UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JEREMY DEAN WILKINSON, #47239,<br><br>     Plaintiff,<br><br>vs.<br><br>CENTURION MEDICAL, JOSH TEWALT, WARDEN ROSS, HSA MARY STONER, DON BREWER, and DR. WILKES,<br><br>     Defendants. | Case No. 1: 24-cv-00334-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

Plaintiff Jeremy Dean Wilkinson, an Idaho Department of Correction (IDOC) prisoner, was permitted to proceed on his Complaint for permanent injunctive relief and monetary damages against prison medical personnel. Defendants have filed a Motion to Dismiss, asserting that Plaintiff is maintaining another federal lawsuit, Case No. 1:22-cv-104-REP, *Wilkinson v. Migliori* ("Case 104") that requests the same relief. (Dkt. 9). The Court agrees that Plaintiff is not entitled to pursue two lawsuits for the same relief, but disagrees that he is doing so. Plaintiff has filed a Motion for Voluntary Dismissal in Case 104, which means that he is abandoning his claims against those named Defendants. He is entitled to pursue similar claims against different medical personnel for their own roles in failing to provide Plaintiff proper medical care and for current and future injunctive relief, which was not available in Case 104 because those Defendants are no longer current prison medical providers. Accordingly, Defendants' Motion to Dismiss will be denied.

**MEMORANDUM DECISION AND ORDER - 1**

The Court ordered Defendants to respond to Plaintiff's request for preliminary injunctive relief. (Dkt. 7). Issuance of a temporary restraining order or preliminary injunction is appropriate where a plaintiff can show: (1) there are "serious questions going to the merits"; (2) there is a "a balance of hardships that tips sharply towards the plaintiff"; (3) "there is a likelihood of irreparable injury"; and (4) "the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131, 1135 (9th Cir. 2011). Preliminary injunctive relief is appropriate only if "the facts and law clearly favor the moving party." *Stanley v. Univ. of S. California*, 13 F.3d 1313, 1320 (9th Cir. 1994).

Plaintiff requests that the Court order Defendants to accelerate treatment of his left eye. He asserts, without adequate foundation, that, without urgent treatment, he will go blind. Because this is a serious medical issue, and Plaintiff is a pro se prisoner, the Court has liberally construed these allegations to state an urgent claim and required Defendants to respond to the request for preliminary injunctive relief before filing an answer to the Complaint. Defendants' response to the request for immediate eye care was filed in conjunction with their Motion to Dismiss. The response does not address the merits of the claim but argues Plaintiff is pursuing the same relief in Case 104. That is no longer a viable argument because Plaintiff is voluntarily dismissing that case.

Defendants will be given leave to file a supplemental response showing the current status of Plaintiff's medical care for his left eye. Defendants are free to attach the briefing and exhibits from Case 104 as an exhibit incorporated by reference in their own short memorandum if that is the most efficient way to respond.

**MEMORANDUM DECISION AND ORDER - 2**

## ORDER

**IT IS ORDERED:**

1. Defendant's Motion to Dismiss (Dkt. 9) is DENIED.

2. Defendants' substantive response to the pending request for preliminary injunctive relief re: proper current medical care for Plaintiff's left eye (Dkt. 6) shall be filed within thirty (30) days after entry of this Order.

DATED: December 30, 2024

*Amanda K. Brailsford*
Amanda K. Brailsford
U.S. District Court Judge